**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> **HENRY CLINE,** ) <br> ) <br> **Defendant.** ) | **8:11CR33** <br><br> **ORDER** |

This matter is before the court on the defendant's Motion to Continue Trial [36] now set for June 28, 2011. The defendant bases his motion on the fact he has filed a motion for appointment of counsel for post-relief conviction in case number 8:10CR20. The indictment in 8:11CR33 stems from the defendant's failure to appear at the Bureau of Prisons and failure to register as a sex offender, both related to his conviction in case number 8:10CR20. Defense counsel informs the court that the defendant is seeking post conviction relief under 28 USC Section 2255 in case number 8:10CR20, to vacate that conviction. The fact a defendant may seek post-conviction relief does not absolve him of the duty to comply with court orders and statutory mandates with respect to his conviction, pending any court-ordered post-conviction relief. It is also noted that the defendant's motion and affidavit fail to comply with the requirements of NECrimR 12.1[1]. Therefore, the motion to continue trial in this case will be denied.

Because the defendant's motion does not state facts demonstrating that the ends of justice served by a continuance outweigh the best interests of the public and the defendant in a speedy trial, *see* 18 U.S.C. § 3161(h)(7)(A),

**IT IS ORDERED** that defendant's Motion to Continue Trial [36] is denied.

**DATED June 23, 2011.**

                                             **BY THE COURT:**

                                             **s/Laurie Smith Camp
United States District Judge**

---

[1] Under NECrimR 12.1(a), if the defendant is the moving party, a motion to continue trial must be accompanied by the defendant's affidavit or declaration, *see* 28 U.S.C. § 1746, stating that the defendant: (1) was advised by the defense attorney of the reasons for seeking a continuance; (2) understands that the time requested in the extension may be excluded from any calculation of time under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174; and (3) with this understanding and knowledge, agrees to the filing of the motion.