IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                       )<br>               Plaintiff,          )<br>                                                       )<br>   vs.                                            )<br>                                                       )<br>HENRY CLINE,                         )<br>                                                       )<br>               Defendant.       ) | Case No.  8:11CR33<br><br><br><br>ORDER |

   This case is before the court on the government's Motion Authorizing Disclosure of Pretrial Services Records (#59).  On July 6, 2011 the government moved the court for an order authorizing Pretrial Services to disclose any records involving communications to the defendant relating to his duty to register, update his sex-offender registration and his duty to report to federal prison for service of sentence.

   The motion is based upon the government's information that Pretrial Services Officer Todd M. Beacom, in a previous case involving the defendant (Case No. 8:10CR20, United States vs. Henry Cline), had conversations with the defendant subsequent to his sentencing, relating to the defendant's requirement to register as a sex offender and to timely report to federal prison.  The government notes as its authority, Rule 16 of the Federal Rules of Criminal Procedure, stating that disclosure of any notes or reports of interviews relating to sex-offender registration and the reporting to federal prison are likely to be included statements of the defendants discoverable under the rule.  I find the motion should be granted.

   In reaching my conclusion, I have considered not only Rule 16 of the Federal Rules of Criminal Procedure, but also 18 U.S.C. § 3153.  Specifically, I conclude that while

Pretrial Services information is normally confidential there are exceptions which, based upon a showing of good cause, can result in disclosure. I find that the proposed discovery can be used only in the above-entitled case on defendant's Count I of failure to appear, and Count II of failure to register as a sex offender. Specifically, I find that the ordered discovery is not be used as the sole basis for a new criminal charge.

**IT IS ORDERED:**

1. The government's Motion Authorizing Disclosure of Pretrial Services Records (#59) is granted.

2. United States Pretrial Services Officer Todd M. Beacom is ordered to disclose any records involving communication with the defendant in Case No. 8:10CR20, relating to defendant's duty to register as a sex offender, update his sex-offender registration, or report to federal prison for service of sentence.

3. A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 14th day of July 2011.

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge